IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRCT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN S. PIAZZA, | ) | CASE NO. 1:26-CV-00890-CEF |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHARLES ESQUE FLEMING |
| vs. | ) | |
| | ) | MAGISTRATE JUDGE |
| COMMISSIONER OF SOCIAL | ) | JONATHAN D. GREENBERG |
| SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

Plaintiff, Brian Piazza ("Plaintiff"), challenges the final decision of Defendant, Frank Bisignano, Commissioner of Social Security ("Commissioner"), denying his application for disability benefits under the Social Security Act, 42 U.S.C. §§ 416(i) & 423 ("Act"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2 for a Report and Recommendation. Plaintiff has requested leave to proceed *in forma pauperis* ("IFP") in this matter. (Doc. No. 2.) For the reasons set forth below, it is recommended Plaintiff's IFP motion be DENIED.

I.      Relevant Background

On April 15, 2026, Plaintiff, through counsel, filed a Complaint challenging the final decision of the Commissioner denying his application for Social Security disability benefits. (Doc. No. 1.) A motion to proceed IFP was filed the same day. (Doc. No. 2.)

In his motion, Plaintiff reports his gross average monthly income from interest and dividends, as well as Worker's Compensation, over the past 12 months is $2,673.50, while his spouse's gross average monthly income from employment over the past 12 months is $6,430.00, for a total of $9,103.50. (*Id.* at 1-2.) Plaintiff reports he and his spouse expect to receive the same amounts in gross monthly income

1

next month.  (*Id.*)  Plaintiff reports a total of $29,685.00 in a money market account and $707.00 in a checking account through Huntington.[1]  (*Id.* at 2.)  Plaintiff reports his spouse has a total of $991.00 in a savings account and $300.00 in a checking account through Chase.  (*Id.*)  Plaintiff also reports a home valued at $240,000, two motor vehicles valued at a combined total of $88,000.00, a tractor valued at $10,000.00, and two additional cars valued at a combined total of $7,000.00.  (*Id.* at 3.)

Plaintiff and his spouse's monthly liabilities total $6,542.00 consisting of: home mortgage payment ($1,280); utilities ($722); home maintenance ($50); food ($1,200); clothing ($300); laundry and dry cleaning ($30); medical and dental expenses ($50); transportation ($655); recreation, entertainment, newspapers, magazines, etc. ($700);[2] life insurance ($125); motor vehicle insurance ($410); motor vehicle payments ($870); and credit card payments ($150).  (*Id.* at 4.)

## II.      Law and Analysis

Pursuant to 28 U.S.C. § 1915, this Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  The Sixth Circuit has recognized that "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988)).  Rather, the relevant question is "whether the court costs can be paid without undue hardship."  *Id.* (emphasis added).

---

[1] The handwriting is difficult to read, and therefore this amount could be $303.  (Doc. No. 2 at 2.)
[2] The handwriting is difficult to read, and therefore this amount could be $300.  (*Id.* at 4.)

In addition to considering an individual IFP applicant's monthly income, federal courts have consistently considered "his or her other financial resources, including resources that could be made available from the applicant's spouse, or other family members," as well as equity in real estate and automobiles.  *Helland v. St. Mary's Duluth Clinic Health Sys.*, No. 10-31 (RHK/RLE), 2010 WL 502781, at *1, n.1 (D. Minn. Feb. 5, 2010).  *See also Rice v. Comm'r of Soc. Sec.*, No. 5:18-cv-01220-PAG, 2018 WL 3145848, at *1 (N.D. Ohio May 30, 2018); *Coburn v. Comm'r of Soc. Sec.*, No. 1:18CV668, 2018 WL 2163843, at *1 (N.D. Ohio April 9, 2018); *Behmlander v. Comm'r of Soc. Sec.*, No. 12-CV-14424, 2012 WL 5457466, at *2 (E.D. Mich. Oct, 16, 2012); *Levet v. Comm'r of Soc. Sec.*, No. 1:14-CV-01378, 2014 WL 3508893, at *2 (N.D. Ohio July 15, 2014); *Reynolds v. Crawford*,  No. 1:01-cv-877, 2009 WL 3908911, at *1 (S.D. Ohio Nov. 17, 2009) ("The case law also directs the courts to consider the income and assets of the applicant's spouse in assessing an application to proceed in forma pauperis.") (collecting cases); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (Table Decision) ("If the plaintiff is supported by her spouse, and her spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent her from gaining access to the courts.")  The decision whether to permit a litigant to proceed IFP is within the Court's discretion.  *Id.*  *See also Ciavarella v. Comm'r of Soc. Sec.*, No. 5:13-CV-2031, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013).

Here, Plaintiff's application reflects he and his spouse received an average gross income of $9,103.50 per month over the past twelve months and expect to receive the same next month.  (Doc. No. 2 at 1-2.)

Plaintiff reports his and his spouse's gross monthly income exceed their monthly liabilities by $2,561.50.  (*Id.* at 4-5.)  In addition, Plaintiff reports $29,685.00 in a money market account and $707.00 in a checking account through Huntington.  (*Id.* at 2.)  Plaintiff reports his spouse has a total of $991.00

in a savings account and $300.00 in a checking account through Chase.  (*Id.*)  In addition, Plaintiff and her spouse have equity in their home, valued at $240,000, as well as a tractor, valued at $10,000, and two cars, valued at a combined total of $7,000.  (*Id.*)  Thus, it does not appear the cost of filing would impose an undue hardship on Plaintiff.  Rather, this is a case where Plaintiff must "weigh the financial constraints posed by pursuing [his] complaint against the merits of [his] claims."  *Behmlander*, 2012 WL 5457466, at *2.  Accordingly, it is recommended the Court find Plaintiff is not eligible to proceed IFP in this Court.

## III.    Conclusion

For the foregoing reasons, it is recommended Plaintiff's Motion for Leave to Proceed IFP (Doc. No. 2) be DENIED.  It is further recommended that, if this Report & Recommendation is adopted, Plaintiff be ordered to pay the $405 filing fee within fourteen (14) days of the date of any such Order.

Date:  April 17, 2026

_s/ Jonathan Greenberg_
Jonathan D. Greenberg
United States Magistrate Judge

4